FILED'06 JUL 05 11:15USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JUSTUS M. CLOUD,

    Plaintiff,

    v.

WILLIAM DAVID HOSACK,

    Defendant.

Civ. No. 06-153-AA

OPINION AND ORDER

AIKEN, Judge:

    On March 21, 2006, plaintiff filed suit alleging a negligence claim against defendant based on injuries sustained from a gunshot wound. Plaintiff asserted diversity jurisdiction and alleged that he is a citizen of the state of Washington and was at the time this action was filed. Defendant now moves to dismiss plaintiff's Complaint for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) on the grounds that plaintiff is actually an Oregon resident. In turn, plaintiff seeks summary judgement

1   - OPINION AND ORDER

pursuant to the doctrine of issue preclusion based on defendant's conviction for third-degree assault. The parties' motions are denied.

## BACKGROUND

On February 7, 2004, associates of plaintiff and defendant were engaged in a physical altercation in the vicinity of defendant's property. Defendant attempted to intervene by firing two shots in the air from his handgun. Following this, defendant struck Mr. Josh Andrade in the head with his handgun, causing it to fire. The discharged bullet then struck and injured the plaintiff.

On October 14, 2004, after trial to the court, defendant was convicted of third-degree assault pursuant to Or. Rev. Stat. § 163.165(1)(a). The trial court rejected defendant's claim of self-defense. Plaintiff now brings this action.

## DISCUSSION

### A. Subject Matter Jurisdiction

The diversity statute provides for jurisdiction over actions between "citizens of different States." 28 U.S.C. § 1332(a)(1). For purposes of diversity jurisdiction, a person is a citizen of his or her state of domicile, which is determined at the time the lawsuit is filed. *See Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986). Plaintiff admits that he previously was a citizen of Oregon, but now claims Washington citizenship as of March 21, 2006. A change in domicile requires the confluence of (a) physical

2    - OPINION AND ORDER

presence at the new location with (b) an intention to remain there indefinitely. *Id.*

Plaintiff submits several documents that show residence in Shelton, Washington prior to filing date of his Complaint. *See* Ptfs' Ex. A, p. 1-5 (providing state identification, utility and medical bills in plaintiff's name with a Shelton, Washington address). Additionally, plaintiff has sworn that he moved to Washington with the intent to make it his permanent domicile. *See* Affidavit of Justus M. Cloud (Cloud Aff.). Based on this evidence, I find that plaintiff was a resident of Shelton, Washington, at the time he filed suit.

Defendant admits that he is a resident of the State of Oregon. Accordingly, diversity of citizenship between the parties exists, and this court has subject matter jurisdiction over plaintiff's claim.

B. Issue Preclusion

Plaintiff moves for summary judgement on grounds that defendant's criminal conviction has a preclusive effect. Specifically, plaintiff alleges that defendant's conviction under Or. Rev. Stat. § 163.165(1)(a) is sufficient to preclude litigation on the issue of defendant's negligence.

The full faith and credit statute, 28 U.S.C. § 1738, requires federal courts to give state-court judgments "'the same preclusive effect as would be given . . . under the law of the State in which

the judgment was rendered.'" *Thornton v. City of St. Helens*, 425 F.3d 1158, 1165 (9th Cir. 2005) (quoting *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984)). Here, a prior Oregon judgment is asserted as having preclusive effect, and it follows that Oregon issue preclusion law controls. *Thornton*, 425 F.3d at 1165.

Under Oregon law, the resolution of an issue by one tribunal may preclude relitigation of the issue in another proceeding if five requirements are met: 1) the issue in the two proceedings is identical; 2) the issue was actually litigated and was essential to a final decision on the merits in the prior proceeding; 3) the party sought to be precluded has had a full and fair opportunity to be heard on that issue; 4) the party sought to be precluded was a party or was in privity with a party to the prior proceeding; 5) the prior proceeding was the type of proceeding to which this court will give preclusive effect. *Nelson v. Emerald People's Util. Dist.*, 318 Or. 99, 104, 862 P.2d 1293 (1993) (citations omitted). In order for preclusion to apply, all five requirements from *Nelson* must be met. *Id*.

Defendant questions the first requirement and argues that neither the second nor the third requirements are satisfied here.

Defendant was convicted under Or. Rev. Stat. § 163.165(1)(a), which states, "A person commits the crime of assault in the third degree if the person recklessly causes serious physical injury to

4    - OPINION AND ORDER

another by means of a deadly or dangerous weapon." Plaintiff contends that defendant's criminal conviction for reckless conduct establishes civil liability for negligent conduct as a matter of law.

However, Oregon has adopted a comparative negligence standard under Or. Rev. Stat. § 31.600, which requires the trier of fact to "compare the fault of the claimant with the fault of any party against whom recovery is sought." Or. Rev. Stat. § 31.600(2). In his answer, defendant asserts an affirmative defense that plaintiff was negligent in causing his own injuries. Specifically, defendant alleges that plaintiff was participating in a group that was threatening others including the defendant. Dft's Answer, ¶3. Additionally, defendant argues that plaintiff ignored warnings and demands to leave and should have should have known that injury was a possibility. Id. Although defendant's arguments somewhat resemble the abolished doctrine of assumption of the risk, the Oregon Supreme Court has held that "the conduct which was sometimes labeled assumption of the risk but which is a subspecies of contributory negligence can be compared in the apportionment of damages." Baccelleri v. Hyster Co., 287 Or. 3, 10, 597 P.2d 351 (1979).

Defendant thus has raised issues regarding plaintiff's fault for his own injury that were not at issue in the criminal proceeding. Although defendant had the opportunity to assert self-

5    - OPINION AND ORDER

defense and defense of others in his criminal proceeding, the issue of comparative fault is dissimilar. *See e.g.* Or. Rev. Stat. § 161.205(5). Self-defense - if proven - can absolve a defendant from criminal liability, while comparative fault assigns civil liability in proportion to fault. Or. Rev. Stat. §§ 31.600, 161.205. Thus, the issues are not identical.

Furthermore, issue preclusion does not apply because plaintiff's comparative fault was not essential to a decision on the merits in the prior proceeding for the reasons explained above. Similarly, defendant did not have a full and fair opportunity to be heard on the issue of comparative fault. Thus, I find that Or. Rev. Stat. § 31.600 requires findings of fact in order to determine civil liability in this case, and summary judgement is not appropriate.

## CONCLUSION

Defendants' Motion to Dismiss (doc. 15) and Plaintiff's Motion for Summary Judgment (doc. 10) are DENIED.

IT IS SO ORDERED.

Dated this 30 day of June, 2006.

_____
Ann Aiken
United States District Judge

6   - OPINION AND ORDER